HAVERFIELD, Chief Judge.
Petitioner, Eugene Heiman, appeals an order overruling his objections to requests for production and written interrogatories made by his former wife, Barbara, in a dispute over required amount of child support payments.
We conclude that appellant in essence is seeking a judicial determination as to whether under the terms of a settlement agreement he is still obligated to pay Barbara the weekly support for one of his sons while at the same time paying for that son’s college expenses, including room, board and clothing.
In 1965 a final judgment was entered terminating the marriage between Eugene and Barbara Heiman. The judgment incorporated a settlement agreement which in pertinent part provided $30 weekly as child support for each of their two minor sons, Daniel and Gary; that Eugene was to be responsible for all costs and expenses of college education for the boys. Over the years the support payments were increased by modification decrees to $75 weekly per child. In the fall of 1977 Daniel enrolled at the University of North Carolina and his father paid all the expenses including tuition, clothing, travel, room and board, etc. Thereupon Mr. Heiman filed a petition seeking a decrease in the amount of child support or in the alternative a declaratory judgment construing the terms of the settlement agreement to determine whether he is still obligated thereunder to pay Barbara the $75 weekly support for Daniel while at the same time paying for Daniel’s college expenses set out above. As respondent, Barbara Heiman served upon him a notice to produce financial records and extensive interrogatories inquiring into his financial status. Mr. Heiman filed his objections to the above and after a hearing the trial court entered an order overruling those objections.
The action being in the nature of an application for a declaratory judgment rather than a request for a reduction in child support payments based upon a change in financial status, Mr. Heiman’s financial status does not fall within the scope of discovery permitted under Fla.R. Civ.P. 1.280.
Accordingly, the order overruling Mr. Heiman’s objections is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.